IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## STATE OF TENNESSEE v. DENNIS CHRISTOPHER LOWERY

**Appeal from the Criminal Court for Knox County**
**No. 72009      Ray L. Jenkins, Judge**

_____

**No. E2003-02855-CCA-R3-CD - Filed July 26, 2004**

_____

The defendant, Dennis Christopher Lowery, appeals from the Knox County Criminal Court's revoking his probation that he had received for his convictions upon guilty pleas to theft and misdemeanor evading arrest.  The defendant contends that the trial court abused its discretion by revoking his probation and sentencing him to confinement.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Mark E. Stephens, District Public Defender, and Robert C. Edwards, Assistant Public Defender, for the appellant, Dennis Christopher Lowery.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Randall E. Nichols, District Attorney General; Zane M. Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pled guilty to theft of property valued over ten thousand dollars but less than sixty thousand dollars, a Class C felony, and evading arrest, a Class A misdemeanor.  The trial court sentenced him in August 2002 as a Range I, standard offender to concurrent sentences of three years for the theft and eleven months, twenty-nine days for evading arrest, to be served on supervised probation.  The record reflects that on January 31, 2003, a probation violation warrant was filed alleging that the defendant had violated the terms of his probation.  On February 13, 2003, the defendant agreed to be placed in the Bootstraps Program in exchange for continued probation.  However, on May 21, 2003, after the defendant had been terminated from Bootstraps for violating his curfew, the probation violation warrant was amended and an order was issued for the defendant's arrest.

At the revocation hearing, Pam Silano, the defendant's probation officer, testified that she was assigned to the defendant when he was sentenced in August 2002. She stated that the defendant had a hard time maintaining employment, completing community service, and reporting to her on time. She said he also failed to make payments for his probation fees and his court costs. With regard to employment, she said that she was not able to verify his claim that he worked for a lawn care business from October 7, 2002, through October 18, 2002. She said the only documentation of employment the defendant provided was from Holiday Inn, a job from which he was fired for falsifying his application and being tardy. She said the defendant did not let her know that he was fired. She said that she instructed the defendant to attend the Community Alternatives to Prison Program's (CAPP) responsible thinking class but that when she checked on his attendance, she learned that he had missed some classes. She said the defendant was eventually terminated from CAPP. She said the defendant also failed to perform his required community service in November 2002, December 2002, and January 2003. With regard to court costs the defendant was required to pay, Ms. Silano stated that the defendant made only one payment of seventy-five dollars even though he owed four thousand dollars.

Ms. Silano testified that although the defendant told her he was living with his grandfather, he later admitted to her that he was living with his girlfriend. She said that without permission, he later moved in with a second girlfriend. She said that after committing the aforementioned violations of his probation, the defendant, on February 13, 2003, agreed to reside at Bootstraps in order to avoid having his probation revoked. The defendant was given a 6:00 p.m. curfew at the Bootstraps Program. She said the defendant missed curfew several times at Bootstraps and was dismissed. The defendant reported his dismissal to Ms. Silano but later failed to make a scheduled telephone call to her and to appear for his next court date.

On cross-examination, Ms. Silano acknowledged that the defendant worked at Greyhound for about a week but was fired for failing to disclose that he was a convicted felon. She said the defendant had missed probation fee payments on two occasions. She acknowledged that the defendant had submitted applications for various jobs, that he tested negative for drugs, and that he had not been charged with any additional crimes while on probation.

The defendant testified that he worked at Greyhound between eighty-five and ninety-four days but was fired when a background check revealed that he was a convicted felon. He said that after he lost his job at Greyhound, he worked with a friend of his father as a painter in order to pay support for his one-year-old child, his restitution fees, and his court costs. He said he paid all his fees at Bootstraps. He acknowledged missing his curfew at Bootstraps but said that it only happened a few times and that he was only about fifteen minutes late. He said he lived at his grandfather's house after being dismissed from Bootstraps. He said Ms. Silano was holding him back from getting a good job. At the conclusion of the hearing, the trial court determined that the defendant should serve his sentences in confinement.

The defendant contends that the trial court abused its discretion by revoking his probation and ordering that he serve his sentences in confinement. He argues that the trial court should have

considered more stringent forms of probation rather than incarceration. He further asserts that although the trial court is not required to consider the 1989 Sentencing Act for probation violations, the court should have taken into account the Act's guidelines in the defendant's case. The state claims that the trial court did not abuse its discretion. We agree with the state.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In this case, the defendant admitted violating his curfew at Bootstraps, which led to his termination in the program and the revocation of his probation. In addition, Ms. Silano testified that the defendant missed CAPP meetings, a court appearance, community service, and meetings with her. The record reflects that the defendant repeatedly failed to comply with the reasonable requirements of his probation. We conclude that the trial court had a material basis for requiring him to serve his sentences in confinement.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE

-3-